FREIRÍA HERMANOS & Co., *S. en C.*, Plaintiff and Appellee, *v.* MIGUEL NOGUERAS, Defendant and Appellant.

No. 4303. Argued February 26, 1929.—Decided June 19, 1930.

*Miguel Marcos* for appellant. *J. Martínez Dávila* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

On January 29, 1926, the mercantile partnership doing business in this city under the name of Freiría Hermanos & Co., *S. en C.*, as the assignee and liquidator of two other firms formerly trading under the respective names of Freiría Hermanos, *S. en C.*, and Freiría & Co., *S. en C.*, brought an

action against Miguel Nogueras to recover the balance of a current account which he maintained with the firm of Freiría Hermanos, *S. en C.*, and also to recover a debt, evidenced by a promissory note subscribed by Miguel Nogueras in favor of the other firm, Freiría & Co., *S. en C.*, and bearing due date of June 30, 1922. The complaint was amended twice.

In his answer the defendant did not deny under oath the genuineness of the promissory note copied into the complaint; on the contrary, he admitted having subscribed the note but denied the other particulars of the complaint, and pleaded by way of defense that both causes of action had prescribed because of a failure to file suit within the statutory period of three years.

After a trial on the merits, judgment was rendered against the defendant for the amounts claimed in the complaint, with costs, and from that judgment the present appeal has been taken.

It appears from the evidence introduced by the plaintiff in the court below that, upon the dissolution of the said assignor partnerships by public deeds dated in May, 1925, the plaintiff was appointed a liquidator in each of such deeds; that the current account of Miguel Nogueras with Freiría Hermanos, *S. en C.*, began on July 29, 1920, and the amount of the last invoice was debited on March 18, 1921; that at the trial the defendant acknowledged to be the author of a letter dated January 12, 1922, subscribed by him alone, as a merchant, and in which he asked Freiría Hermanos, *S. en C.*, to grant him two years to pay the debt he owed to that firm; that both the creditor firm and the plaintiff have endeavored to collect the account after the expiration of the two years' extension, and that the amount due has not been paid. As regards the promissory note, it appears that five months before its maturity, the defendant asked his creditor Freiría & Co., *S. en C.*, in a letter dated January 12, 1922, signed by him alone and acknowledged by him at the trial,

to extend the obligation for two years, and that after the expiration of that period the creditor firm, until its dissolution, and the plaintiff, subsequent to such dissolution, in May, 1925, have endeavored to collect the note, but without success.

Notwithstanding the defendant has admitted in his answer that he subscribed the promissory note, which has been copied into the complaint, he claims in this appeal that the delivery of the note to the creditor has not been shown. But in *Seoane* v. *Cortés,* 40 P.R.R. 69, we have held that if the execution of a promissory note transcribed in the complaint is acknowledged, its delivery is admitted.

The question most insistently urged by the appellant is that he has never been in business by himself, but that he was one of the partners of the mercantile firm of M. Nogueras & Co.; that the two letters requesting extensions were from that firm, and that personally he owes nothing to the partnerships Freiría Hermanos, *S. en C.,* and Freiría & Co., *S. en C.*

The defendant acknowledged at the trial that the firm of M. Nogueras & Co. was not constituted by a public deed, for which reason it was not registered in the mercantile register; and as section 119 of the Code of Commerce requires that every commercial association before beginning business shall incorporate its articles of association, agreements, and conditions in a public instrument, which shall be presented for record in the commercial registry, in accordance with section 17 of the same code, which provides that registration in the commercial registry shall be compulsory for associations formed under the said code or under any special law, the question of whether or not the commercial partnership of which M. Nogueras claimed to be a member existed can not prejudice the rights of his creditors, since the instrument of association was not recorded as required by law and the letters from the defendant to the firms in question requesting the said extensions were signed by him individually. His testifying to the existence of such partnership

in Cayey, and the production in evidence of a book of account kept under the name of M. Nogueras & Co., can not avoid the fact that the appellant dealt with the two creditor firms in his own name only.

It is also contended by the appellant in his brief that the action to recover on the current account is barred by the lapse of three years, under subdivision 4 of section 1868 of the Civil Code; and similarly that the action on the promissory note has prescribed by the lapse of the said period, under section 950 of the Code of Commerce. However, we need not pass upon these two questions, because, the appellant having acknowledged as his own the two letters of January 12, 1922, in which each of the firms of Freiría Hermanos, *S. en C.* and Freiría & Co., *S. en C.,* was requested to grant an extension of two years for the payment of their respective claims, which extensions were granted—as shown by the fact that during that time the defendant made no payment nor was there any demand made upon him therefor— it must be concluded that when the complaint was filed on January 29, 1926, after the expiration of the extensions on January 12, 1924, the period of three years claimed by the appellant as a bar to the suit herein had not yet elapsed.

The appellant also says that it was not shown that the plaintiff was the assignee of the two commercial firms in question. But, be that as it may, it was shown by the public deeds of dissolution of those two firms that they appointed as their liquidator the partnership, which is the plaintiff and appellee herein, and according to section 228 of the Code of Commerce the liquidators of a commercial partnership have power to collect the credits owned by the partnership in liquidation.

The appellant maintains that the deed, wherein the firm of Freiría Hermanos, *S. en C.,* appointed the plaintiff partnership as liquidator, is not admissible in evidence as irrelevant for the reason that the concepts of liquidator and assignee are not identical. However, it will suffice for us to

point out that the contention of the appellant is that there was no showing of an assignment, whereas the ground of our decision is that the plaintiff has the status of a liquidator.

As to the contention that a loose-leaf book of account of the firm of Freiría Hermanos, *S. en C.*, was also inadmissible in evidence, we have decided otherwise in *The Porto Rican American Tobacco Co.* v. *Camel*, 32 P.R.R. 509; and, consequently, the statement of account copied from that book was also admissible.

Other questions raised as to the inadmissibility in evidence of a certificate issued by the clerk of a municipal court, as to whether a handwriting and typewriting expert was not duly qualified to testify as such, and also as to whether the document which he used to make a comparison with the typewritten symbols on a letter was not the one required by law, need not be decided by us, because these matters have had no effect upon the conclusion reached by us that the judgment appealed from must be affirmed, without disturbing the pronouncement of costs, which were properly awarded.